LOUIS HOLLAND, Plaintiff, v. FRED Y. PRESLEY and Others, Defendants.

Supreme Court, Special Term, Kings County, May 13, 1938.

*Lotterman & Tepper* [*Louis A. Tepper* and *Joseph Lotterman* of counsel], for the plaintiff.

*Cullen & Dykman* [*Jackson Dykman* and *Jules Haberman* of counsel], for the defendants.

STEINBRINK, J. In the memorandum published (168 Misc. 447) it was found that Presley's gratuitous release from all liability to the corporation constituted an unauthorized misappropriation of corporate assets and that the directors who participated therein were accountable. There remains for consideration the extent and

form of the judgment to be entered. Ordinarily, in a derivative stockholders' action judgment is rendered in favor of the corporation though the corporation be a defendant in the action. The rule is subject to exception in a case where a judgment in favor of the corporation will confer benefits on stockholders to which they are not entitled. The defendants contend that since approximately ninety-nine per cent of the stockholders have exchanged their stock pursuant to the plan of reorganization and mutualization, with knowledge of the settlement of the Richards judgment, a judgment in favor of the corporation in this action would produce an inequitable result. They say that those stockholders who participated in the plan were satisfied to assume their proportionate share of the Richards settlement in exchange for the advantages which were to flow from reorganization. The fallacy of the statement lies in the unwarranted assumption that those stockholders, by participating in the plan, ratified the corporate release given to Presley. It is undisputed that they received absolutely no notice of the Presley release. In the absence of such notice ratification was not possible. As stockholders they are entitled to a restoration to the corporation of the funds misappropriated. Obviously they would not be unjustly enriched thereby, but, on the contrary, they would be permitted to enjoy only that to which they are entitled. It follows that the judgment in the sum of $149,575.79, with costs and disbursements, must be in favor of the corporation. This sum includes the $5,000, with interest, found by the Appellate Division to have been paid by the corporation for the release given to Mrs. Richards.

Plaintiff's findings and judgment signed. Defendants' findings passed upon.